RED STAR MOTOR DRIVERS' ASS'N *v.* MICHIGAN PUBLIC
UTILITIES COMMISSION.

1. CARRIERS—MOTOR VEHICLES OPERATING IN COUNTRY UNDER JURIS-
DICTION OF PUBLIC UTILITIES COMMISSION—STATUTES.

Under Act No. 209, Pub. Acts 1923, the public utilities
commission has jurisdiction of the operation of common
carriers by motor vehicles where they operate in the
country and in the country and cities and villages, but by
the proviso in section 1 of said act jurisdiction is withheld
where they operate exclusively in cities and villages.[1]

2. SAME—MOTOR VEHICLES OPERATING IN TWO CONTIGUOUS CITIES
NOT UNDER JURISDICTION OF PUBLIC UTILITIES COMMISSION.

In view of said proviso, the public utilities commission
has no jurisdiction of motor busses operating as common
carriers in the cities of Detroit and Springwells, whose
territory is contiguous, where the busses pass directly from
one city to the other without traversing any country
highway.[2]

CLARK, MOORE, and FELLOWS, JJ., dissenting.

Appeal from Wayne; Miller (Guy A.), J.  Sub-
mitted October 7, 1925.  (Docket No. 6.)  Decided
June 7, 1926.

Bill by the Red Star Motor Drivers' Association and
others against the Michigan public utilities commission
and others to enjoin the enforcement against plaintiffs
of Act No. 209, Pub. Acts 1923.  From a decree dis-
missing the bill, plaintiffs appeal.  Reversed, and in-
junction allowed.

*Edward N. Barnard,* for plaintiffs.

*Andrew B. Dougherty,* Attorney General, and
*Thomas J. Green,* Assistant Attorney General, for
defendants.

---

[1]Carriers, 10 C. J. § 41 (Anno); [2]Id., 10 C. J. § 41 (Anno).
Jurisdiction of public service commission over carriers trans-
porting by motor trucks or busses, see notes in 1 A. L. R. 1455;
9 A. L. R. 1011.

MOORE, J. (*dissenting*).[1]   In this case a bill of complaint has been filed by plaintiffs to restrain the defendants from enforcing as against them the provisions of Act No. 209, Pub. Acts 1923.   Plaintiffs operate passenger vehicles for hire over a fixed route beginning at the corner of Junction avenue and Michigan avenue in the city of Detroit, going westerly along Michigan avenue to its intersection with the Miller road in the city of Springwells and thence south along the Miller road to the Ford Motor Car Company. This route is entirely within the limits of two cities, viz., the city of Detroit and the city of Springwells, and does not at any point extend over any highway outside of the limits of those two municipalities. Plaintiffs contend that, under the peculiar wording of section 1 of Act No. 209, they are exempted from the provisions of the act.   Defendants contend otherwise. The trial judge dismissed the bill of complaint.   The case is brought into this court by appeal.

The provisions of the statute important to consider read:

"An act to regulate and define common carriers of persons and property by motor vehicle on public highways of this State, prescribing the payment and fixing the amount of privilege taxes for such carriers, the disposition of such taxes, and prescribing penalties for violation of this act.

"*The people of the State of Michigan enact:*

"SECTION 1.   After thirty days from the effective date of this act, no person, firm or corporation shall engage or continue in the business of transporting persons or property, by motor vehicle, for hire, upon or over the public highways of this State, over fixed routes or between fixed termini, or hold themselves out to the public as being engaged in such business, unless and until they shall have obtained from the Michigan public utilities commission a permit so to do, which said permit shall be issued in accordance

[1] Opinion written by MOORE, J., before his retirement.

with the public convenience and necessity and shall not be assignable: *Provided,* That this act shall not apply to carriers operating exclusively within cities or villages.   *   *   *

"SEC. 8.   *   *   * Nothing in this section shall be construed to interfere with the right of any city or village to the reasonable control, by general regulation, applicable to all motor vehicles, of its streets, alleys and public places, or to authorize a carrier to do a local business without the consent of the municipality in which such local business is wholly carried on."

It is the claim of the plaintiffs that, because they operate their vehicles without going outside of the city of Springwells, and the city of Detroit, they are within the proviso of section one of the act.   While the statute is not as clearly worded as might be desired, when it is read in its entirety and its purpose is considered, we think this contention cannot be sustained.   The question presented is a new one, but we think it clear that the proviso was intended to apply only when the carrier operated exclusively in a single city or a single village.

The decree should be affirmed, with costs to the appellee.

FELLOWS and CLARK, JJ., concurred with MOORE, J.

BIRD, C. J.   I am not in accord with the conclusion reached by Mr. Justice MOORE in this case.   The question raised is whether the public utilities commission has jurisdiction of the operation of common carriers by motor vehicles whose termini are wholly within two cities whose territory is contiguous.

Act No. 209, Pub. Acts 1923, is the authority for the jurisdiction of the commission.   Section 1 is the material one to this controversy, and is as follows:

"SECTION 1.   After thirty days from the effective date of this act, no person, firm or corporation shall engage or continue in the business of transporting persons or property, by motor vehicle, for hire, upon

or over the public highways of this State, over fixed routes or between fixed termini, or hold themselves out to the public as being engaged in such business, unless and until they shall have obtained from the Michigan public utilities commission a permit so to do, which said permit shall be issued in accordance with the public convenience and necessity and shall not be assignable: *Provided, That this act shall not apply to carriers operating exclusively within cities or villages.*"

The issue boils down to the meaning of the proviso which is in italics. It is clear from the language of section 1 of the act that the legislature intended to make a distinction between highways in cities and villages and highways in the country. It vested the power in the commission to regulate common carriers by motor bus on the highways in the country, and in the country and in cities and villages, but withheld the right to regulate the operation of them where the termini were both within cities or villages. In other words, when they operated wholly on city or village territory the commission was without jurisdiction. When they operated in the country or in the country and city and villages, the commission had jurisdiction. The test of jurisdiction seems to be a question of territory. If they operated wholly in the city of Detroit the commission would have no jurisdiction. If they operated wholly in Springwells the commission would have no jurisdiction. The territory of these two cities is contiguous. A motor bus passing from the city of Detroit into the city of Springwells would give the commission no jurisdiction because no country highway is involved. The motor bus in passing from the city of Detroit to the city of Springwells is at all times on city territory, and, therefore, beyond the jurisdiction of the commission. While the motor bus is in the city of Detroit it is regulated by Detroit's council. When it passes the line into Springwells it is regulated by Springwells' council.

If the conclusion reached by Mr. Justice MOORE is the correct one, then a motor bus could be operated from the Ford plant in Springwells through the city of Detroit and into Highland Park and be under the jurisdiction of the commission.   Is not this rather peculiar authority to infer in view of the fact that the legislature has expressly provided that "this act shall not apply to common carriers by vehicles operating exclusively within cities or villages?"   It indeed would be interesting to have some one point out just what particular language of the act authorizes the commission to assume control over the route suggested.

The briefs contain much argument as to the constitutional power of cities over their highways; as to the constitutional power of the legislature over highways in cities and villages; as to the authority of highway districts; and much speculation is indulged in as to what the legislature meant by what it said.   This argument might have been apropos had the proviso of section 1 been omitted, but it is a needless discussion since the legislature has made it very plain that the public utilities commission is to have no jurisdiction over common carriers by vehicles operating exclusively within cities and villages.

The decree should be reversed and the injunction allowed preventing the interference with the motor busses operating wholly within cities or villages by the public utilities commission.

SHARPE, STEERE, WIEST, and McDONALD, JJ., concurred with BIRD, C. J.